```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

ALLEN M. RUSSELL, ALSO                                PETITIONER
KNOWN AS RUSSELL ALLEN

VS.                          CIVIL ACTION NO. 3:23CV2964TLS-BWR

BURL CAIN, COMMISSIONER,                              RESPONDENTS
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
AND LYNN FITCH, ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI

<u>ORDER</u>

This cause is before the court on the objections of petitioner Allen M. Russell to the report and recommendation entered by United States Magistrate Judge Bradley W. Rath on May 29, 2024, recommending that Russell's petition for writ of habeas corpus under § 2254 be dismissed with prejudice. Having reviewed the objections, the court concludes that they should be overruled and that the report and recommendation should be adopted as the opinion of the court.

While the report and recommendation addresses the issues raised by petitioner's objections, the court adds that none of the cases cited by Russell in either the briefing before the magistrate judge or this court demonstrate that the Mississippi Supreme Court has failed to apply § 99-39-21(1) to identical or similar claims that Russell seeks to assert herein. As such, he has failed to meet his burden of establishing that the

1

procedural bar was not strictly or regularly applied "'to the vast majority of similar claims.'"  Rogers v. Miss., No. 12-60760555, Fed. Appx. 407, 408 (5th Cir. Feb. 19, 2014) (quoting Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996) (partially abrogated on other grounds).[1]

Further, contrary to petitioner's objection, the report and recommendation carefully explained and distinguished Peugh v. United States, 569 U.S. 530, 536, 133 S. Ct. 2072, 2080, 186 L. Ed. 2d 84 (2013), which found an ex post facto violation where the defendant was sentenced for a charged offense based on a guideline provision which had been amended to increase the guideline range after he had committed that offense.  In contrast, just as in Chism v. Middlebrooks, No. 3:20-cv-432-DPJ-LGI, 2023 WL 5424820 (S.D. Miss. July 31, 2023), report and recommendation adopted, 2023 WL 5418776 (S.D. Miss. Aug. 22, 2023), Russell committed the burglary offenses before the 2014 amendment to Mississippi Code § 99-19-83 to include burglary of a dwelling as a per se crime of violence.  His enhanced sentence

---

[1]  The court does note that, despite the respondents' assertion otherwise, the Mississippi Supreme Court does presently recognize fundamental rights exceptions to the procedural bar set out in § 99-39-21(1).  See Hathorne v. State, 376 So. 3d 1209, 1210 (Miss. 2023) (decided after Howell v. State, 358 So. 3d 613 (Miss. 2023), and concluding that defendant's defective indictment claim was not procedurally barred by § 99-39-21(1)).

2

was not an additional penalty for his earlier crimes but an enhanced penalty for his latest crime, which was committed after the subject amendment. As the report and recommendation makes clear, he had notice of the amendment prior to the commission of that later offense. The Fifth Circuit has recognized this distinction. Cf. United States v. Shakbazyan, 841 F.3d 286, 291 (5th Cir. 2016) (Peugh ex post facto holding does not apply to a defendant who commits an offense after the effective date of a newer, harsher version of the guidelines and thus has notice of the harsher guideline when he commits the offense).

IT IS, THEREFORE, ORDERED that petitioner's objections are overruled and the report and recommendation of United States Magistrate Judge Bradley W. Rath entered on May 29, 2024 is hereby adopted as the opinion of this court. Accordingly, the petition for writ of habeas corpus, filed pursuant to § 2254, is dismissed with prejudice.

It is further ordered that a certificate of appealability should not issue. Petitioner has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," nor has he shown that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling[s]." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 5th day of July, 2024.

/s/  Tom  S. Lee
UNITED STATES DISTRICT JUDGE